UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASSIE ANN TAYLOR,<br><br>      Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A, NORTHWEST TRUSTEE SERVICES, INC., and DOES 1-100,<br><br>      Defendants. | NO: 13-CV-0369-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

BEFORE THE COURT are the following motions: (1) Defendant Bank of America's Motion to Dismiss (ECF No. 7); (2) Defendant Northwest Trustee Services' Motion to Dismiss (ECF No. 15); (3) Plaintiff's Motion for Leave to File an Amended Complaint (ECF Nos. 16, 17 & 18); and (4) Plaintiff's Motion for Summary Judgment (ECF No. 22). These matters were submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 1

BACKGROUND

The Plaintiff in this diversity case, proceeding *pro se*, asserts claims for breach of contract, unjust enrichment and conversion arising from her efforts to halt a non-judicial foreclosure of her home.  Defendants have filed motions to dismiss for failure to state a claim.  Plaintiff has filed a motion for summary judgment.  For the reasons discussed below, the Court will grant Defendants' motions and dismiss Plaintiffs' claims with prejudice.

FACTS

The following facts are drawn principally from Plaintiff's Amended Complaint and the materials attached thereto, and are accepted as true for purposes of the instant motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  In August 2010, Plaintiff Cassie Ann Taylor[1] and Matthew Price

---

[1] The named plaintiff in this case is Price Legacy Trust.  Ms. Taylor claims to be pursuing this action on behalf of Price Legacy Trust as its "trustee."  As Ms. Taylor is not a licensed attorney, she has no authority to represent the Trust in these proceedings.  *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).  Nevertheless, the record firmly establishes that Ms. Taylor, rather than Price Legacy Trust, is the real party in interest.  *See* Fed. R. Civ. P. 17 ("An action must be prosecuted in the name of the real party in interest.").  Pursuant to Rule 21, the Court hereby **SUBSTITUTES** Cassie Ann Taylor for Plaintiff Price Legacy

borrowed $168,610 from Cherry Creek Mortgage Co. to purchase a home in Spokane. As security for the loan, Plaintiff and Mr. Price executed a deed of trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Cherry Creek Mortgage Co. The loan was subsequently acquired by Defendant Bank of America.

At some point in 2012, Plaintiff and Mr. Price fell behind on their loan payments. On June 5, 2012, MERS executed an assignment of deed of trust in favor of Bank of America. On March 25, 2013, Bank of America initiated non-judicial foreclosure proceedings by appointing Defendant Northwest Trustee Services ("NWTS") as successor trustee. On April 9, 2013, NWTS recorded a notice of trustee's sale advising Plaintiff and Mr. Price that their home would be sold at auction on August 23, 2013.

On August 2, 2013, Plaintiff mailed a document to Bank of America bearing the caption "Notice of Settlement Offer." The terms of this offer called for Bank of America to accept a "tender" in the amount of $540,000 in full satisfaction of

---

Trust. *See Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1040-41 (N.D. Cal. 2006) (substituting real party in interest *sua sponte* under Rule 21 in order to avoid "depriving the real party in interest . . . of its claims, while [also] protect[ing] the Defendants against subsequent action by the party actually entitled to recover.").

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 3

the mortgage. The offer also purported to become binding upon Bank of America unless it was specifically rejected within 20 days of receipt. ECF No. 18-5 at 2. Enclosed with this document was a "Draft Money Order Receipt" purporting to transfer $540,000 to Bank of America. This "Money Order" was drawn on the "United States Treasury, 1500 Pennsylvania Avenue N.W., Washington, D.C. 20220." ECF No. 18-5 at 8.

On August 20, 2013, three days before the scheduled trustee's sale, Plaintiff recorded a document styled as a "Notice of Termination of Trustee" in the Spokane County Auditor's Office. This document purported to unilaterally terminate the authority of NWTS to move forward with the foreclosure proceedings. ECF No. 18-7. On the same date, Plaintiff filed a series of UCC financing statements claiming a security interest in the property.[2]

NWTS moved forward with the trustee's sale as scheduled on August 23, 2013. The property was purchased by Bank of America.

---

[2] The filing statements list a "Date of Filing" as August 20, 2013. The recording stamps at the top of each statement, however, are dated September 16, 2013. ECF No. 18-6.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 4

Plaintiff filed the instant lawsuit in Spokane County Superior Court on September 17, 2013. Defendants subsequently removed the case to this Court on diversity of citizenship grounds[3] on October 21, 2013.

DISCUSSION

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[3] Bank of America's Notice of Removal suggests that Defendant NWTS, which is a Washington corporation, should be deemed a "nominal defendant" for purposes of establishing diversity of citizenship. The Court agrees that NWTS is a nominal defendant whose presence in this action does not destroy diversity of citizenship. See Townsend v. Quality Loan Serv. Corp., 2012 WL 5330972 at *2 (W.D. Wash. 2012) (holding that a successor trustee under a deed of trust should be considered a nominal defendant when the plaintiff "has not made substantive allegations against the trustee").

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 5

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

Federal Rule of Civil Procedure 9(b) governs the pleading of allegations involving fraud or mistake. In contrast to the more lenient standard set forth in Rule 8(a)(2), Rule (9)(b) requires that a party "state with particularity the circumstances constituting fraud or mistake" in his or her complaint. To satisfy this standard, the allegations of fraud must "be specific enough to give defendants

notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. CibaGeigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation and citation omitted). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id.* (quotation and citation omitted). A party may, however, plead allegations of "[m]alice, intent, knowledge, and other conditions of a person's mind" more generally. Fed. R. Civ. P. 9(b).

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Id.* The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id.*

The Ninth Circuit has repeatedly instructed district courts to "grant leave to amend even if no request to amend the pleading was made, unless ... the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is generous—the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is appropriate, a court

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 7

must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

### A. Plaintiff's Motion for Leave to Amend Complaint

Plaintiff has filed a series of documents which the Court construes as a motion for leave to amend the complaint. ECF Nos. 16, 17 & 18. Defendant Bank of America does not oppose the motion. ECF No. 21. Defendant NWTS has not responded. Pursuant to Local Rule 7.1(d), the Court deems Defendant NWTS's failure to respond to the motion as consent to the entry of an adverse order. The motion is therefore granted. The Amended Complaint filed at ECF No. 18-1 is accepted as filed. This document is the operative pleading for purposes of the pending motions to dismiss.

### B. Defendants' Motions to Dismiss

#### 1. Breach of Contract Claim

To prevail on her breach of contract claim, Plaintiff must establish: (1) the existence of a valid contract; (2) breach; and (3) damages. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712 (1995). The elements of a valid contract are offer, acceptance and consideration. *Veith v. Xterra Wetsuits, L.L.C.*, 144 Wash. App. 362, 366 (2008). "There is no valid contract until an offer

is accepted." *Id.* (quotation and citation omitted). "Acceptance is an expression (communicated by word, sign, or writing to the person making the offer) of the intention to be bound by the offer's terms." *Id.* (citation omitted).

Bank of America argues that the Amended Complaint fails to adequately plead acceptance of the so-called "Settlement Offer." ECF No. 7 at 13-16. The Court agrees. Plaintiff does not allege that Bank of America affirmatively accepted the offer. Instead, Plaintiff alleges that Bank of America implicitly accepted the offer by failing to affirmatively reject it. *See* Pl.'s Am. Compl., ECF No. 18-1 at 5 (alleging that the Settlement Offer became binding because it "was not refused, returned or dishonored"). This allegation fails to establish acceptance as a matter of law. *See Saluteen-Maschersky v. Countrywide Funding Corp.*, 105 Wash. App. 846, 853 (2001) ("Failure to reject an offer is not equivalent to assent of that contract since silence is acceptance only where there is a duty to speak.") (citation omitted); *Roethemeyer v. Milton*, 177 Wash. 650, 658 (1934) ("[E]ven though the offer states that silence will be taken as consent, silence on the part of the offeree cannot turn the offer into an agreement, as the offerer cannot prescribe conditions so as to turn silence into acceptance."). Accordingly, Plaintiff's breach of contract claim must be dismissed.

Having reviewed the materials attached to the Amended Complaint, the Court further concludes that granting Plaintiff leave to amend would be futile. The

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 9

terms of the "Settlement Offer" call for Bank of America to "discharge[e] all rights, titles, and interests" in the property in exchange for a "tender" of $540,000. ECF No. 18-5 at 1-2. The tender however, is a sham. Rather than tendering something of legal value, Plaintiff sent Bank of America a "Draft Money Order Receipt" drawn on the "United States Treasury, 1500 Pennsylvania Avenue N.W., Washington, D.C. 20220." ECF No. 18-5 at 8. As this document is worthless on its face, the settlement agreement fails for lack of consideration. This claim is dismissed with prejudice.

 2. Unjust Enrichment Claim

To prevail on her unjust enrichment claim, Plaintiff must prove: (1) that she conferred a benefit upon Defendants; (2) that Defendants knew of the benefit; and (3) that it would be unjust to allow Defendants to retain the benefit without paying for it. *Young v. Young*, 164 Wash.2d 477, 484 (2008).

The Amended Complaint alleges that Bank of America was unjustly enriched by Plaintiff's "tender." Pl.'s Am. Compl., ECF No. 18-1 at 7, ¶ 3. As noted above, however, Plaintiff did not tender anything of legal value to Bank of America. Because Plaintiff has failed to plausibly allege that she conferred a benefit upon any Defendant, her unjust enrichment claim must be dismissed. As leave to amend would be futile, this claim will be dismissed with prejudice.

### 3. Conversion

"Conversion is the unjustified, willful interference with *a chattel* which deprives a person entitled to the property of possession." *Lang v. Hougan*, 136 Wash. App. 708, 718 (2007 (emphasis added).  Money is considered a chattel for purposes of a conversion claim "only if the defendant wrongfully received the money or was under obligation to return the specific money to the party claiming it." *Davenport v. Wash. Educ. Ass'n*, 147 Wash. App. 704, 722 (2008) (internal quotations and citations omitted).

In support of her conversion claim, Plaintiff alleges that Defendants "accepted the . . . TENDER and converted the same for its [sic] own use." Pl.'s Am. Compl., ECF No. 18-1 at 8, ¶ 3.  Once again, the "tender" is worthless on its face.  As Defendants are not alleged to have wrongfully interfered with Plaintiff's right to possession of something of legal value, this claim must be dismissed with prejudice.

**C. Plaintiffs' Motion for Summary Judgment**

In view of the foregoing rulings granting Defendants' motions to dismiss, Plaintiffs' motion for summary judgment is denied as moot.

//

//

//

**IT IS HEREBY ORDERED:**

1. Pursuant to Federal Rule of Civil Procedure 21, Cassie Ann Taylor is hereby **SUBSTITUTED** for Plaintiff Price Legacy Trust as the real party in interest.

2. Plaintiff's Motion for Leave to File an Amended Complaint (ECF Nos. 16, 17 & 18) is **GRANTED**. The Amended Complaint at ECF No. 18-1 is accepted as filed.

3. Defendants Motions to Dismiss (ECF Nos. 7 and 15) are **GRANTED**. All claims and causes of action in this matter are hereby **DISMISSED** with prejudice for failure to state a claim.

4. Plaintiff's Motion for Summary Judgment (ECF No. 22) is **DENIED** as moot.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel and Plaintiffs at their address of record, enter **JUDGMENT** for Defendants, and **CLOSE** the file.

**DATED** April 14, 2014.



THOMAS O. RICE
United States District Judge